Dear Mr. Micheu:
You have asked this office to advise whether you may continue to serve as an uncompensated reserve deputy sheriff in St. Bernard Parish should you be elected Justice of the Peace for Ward C in St. Bernard Parish.
The issue of whether a deputy sheriff may also serve as an elected Justice of the Peace has been addressed in Attorney General Opinions 00-295 and 96-356, copies attached. Both opinions conclude that a deputy sheriff may not also serve as a justice of the peace. These opinions are consistent with the interpretation of the Code of Judicial Conduct given by the Office of Special Counsel to the Judiciary Commission in correspondence directed to this office, stating that a justice of the peace violates the Code of Judicial Conduct by serving as a deputy sheriff. See attachments to Opinion 96-356.
A reserve deputy sheriff appointed by the sheriff enjoys the same authority as a regularly paid deputy sheriff. See Opinion 97-107. The reasoning expressed by the Office of Special Counsel to the Judiciary Commission in the attachments to Opinion 96-356 would also be applicable to a reserve deputy sheriff.
The Code of Judicial Conduct is binding on all judges, including justices of the peace. In re Adams. 959 So.2d 474 (La. 2007). Violations of the Canons contained in the Code of Judicial Conduct may serve as a basis for disciplinary action by the Louisiana Supreme Court, on recommendation of the Judiciary Commission, as provided for by LSA-Const. Art. V, § 25(C) (1974)[1]. *Page 2 
In the case of In re McInnis, 769 So.2d 1186 (La. 2000), upon recommendation of the Judiciary Commission, the Louisiana Supreme Court censured the Justice of the Peace of Ward 1, St. Bernard Parish, because he maintained a financial relationship with the sheriffs office-first as a full-time employee and commissioned deputy and then as an independent contractor-while a sitting justice of the peace, and after he was advised that such a relationship was a violation of Canons 1, 2(A), and 5(C)(1) of the Code of Judicial Conduct[2]. Under McInnis, employment with the sheriffs office tends to "involve the judge in frequent transactions with lawyers or persons likely to come before the court on which he or she serves" in violation of Canon 5(C)(1).
In McInnis, the Special Counsel had written Justice of the Peace McInnis, stating "it is impermissible for a justice of the peace to be employed, even as a clerical employee, in the sheriffs office, because such dual service raises the appearance of impropriety and the lack of impartiality". Mr. McInnis was further advised if he wished to retain his position as a justice of peace, he "should terminate [his] relationship with the sheriffs office altogether". See McInnis, at footnote 5; (emphasis added). *Page 3 
Under the ruling in McInnis, your service as an uncompensated reserve deputy sheriff would not remove "the appearance of impropriety and the lack of impartiality" raised by your relationship with the sheriff's office.
While it is the opinion of this office that a reserve deputy sheriff may not also hold elected office as a Justice of the Peace, the Code of Judicial Conduct is within the authority of the Judiciary Commission to administer. For this reason, we suggest that you contact the Judiciary Commission, 601 St. Charles Avenue, New Orleans, LA 70130, phone (504) 568-8299 for a final resolution regarding your inquiry.
Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 SEP 06 2000 OPINION NO. 00-295
57 — JUSTICES OF THE PEACE
Louisiana Coda of Judicial Conduct Canons 1, 2, 5
A deputy sheriff may not also serve as a Justice of the Peace since this dual service raises the appearance of Impropriety and impartiality in violation of the Code of Judicial Conduct
Honorable Rodney Arbuckle Sheriff, DeSoto Parish DeSoto Parish Sheriffs Office 205 Franklin Street Mansfield, Louisiana 71052
Dear Sheriff Arbuckle:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 Is it lawful for a Justice of the Peace to hold a commission as a reserve deputy sheriff?
This issue was previously addressed by this office and by the Louisiana Judiciary Commission in Attorney General Opinion No. 96-356, which is attached for your review. In this opinion, correspondence from the Office of Special Counsel to the Judiciary Commission notified the Attorney General's office that a Justice of the Peace is governed by the Code of Judicial Conduct and that allowing a Justice of the Peace to be employed by a district attorney's or a sheriffs office is violative of the Code of Judicial Conduct.
The letter further stated that if a Justice of the Peace were to simultaneously serve as a deputy sheriff, he or she may be placed at risk before the Judiciary Commission and the Louisiana Supreme Court since this dual service raises the appearance of impropriety and of a lack of impartiality.
Therefore, it is the opinion of this office that a deputy sheriff may not also serve as a Justice of the Peace. If you should need further clarification of the position of the Judiciary Commission, the Office of Special Counsel can be contacted at 601 St. Charles Avenue, New Orleans, Louisiana 70130, (504) 568-8299. *Page 2 
We trust this sufficiently answers your question; however, if you should need anything further do not hesitate to contact this office.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
 RPI/FJP/sc
 Attachment
 a:\00-295.op *Page 1 
 SEPTEMBER 04 1996 OPINION 96-356
78 DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq
A deputy sheriff may not serve as a justice of the peace, as per advisory ruling of the Judiciary Commission.
Honorable Connie G. Moore Justice of the Peace St. Tammany Parish P.O. Box 1133 Covington, LA 70434
Dear Ms. Moore:
In response to your inquiry of recent date, we enclose a copy of a ruling recently issued by the Judiciary Commission indicating that a deputy sheriff may not also serve as a justice of the peace.
In response to your second inquiry, the Dual Officeholding and Dual Employment provisions, LSA-R.S. 42:61, et seq., are generally applicable only to the holding of two public offices. Here, a psychologist would hold a position within the private sector, thereby making those provisions inapplicable.
However, we advise you to consult the Judiciary Commission, at the number on the enclosed correspondence for a further advisory ruling.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:___________________ KERRY L. KILPATRIC ASSISTANT ATTORNEY GENERAL
 KLK:ams
 Enclosure *Page 1 
 June 14, 1996
Mr. Roland Dartez Assistant Attorney General Office of the Attorney General Post Office Box 94005 Baton Rouge, LA 70804
Mr. Kerry L. Kilpatrick Office of the Attorney General Post Office Box 94005 Baton Rouge, LA 70804
Re: Attorney General Opinion #96-90
Dear Messrs. Dartez and Kilpatrick:
I am writing in reference to Attorney General Opinion #96-90, noting same in "The Magistrate," to the effect that "[a] justice of the peace also may serve as an appointed, part-time deputy sheriff."
As I am sure you know, justices of the peace are governed by the Code of Judicial Conduct. See, "Compliance" section of the Code. The Supreme Court Committee on Judicial Ethics, in Opinion Nos. 95 and 120, has on two occasions held that a justice of the peace may not also be employed by the district attorney's office. (Attached). The rationale for prohibiting such dual employment as to a sheriff's office is no different.
The Office of Special Counsel has taken the position that a justice of the peace who is also employed as a deputy sheriff is in violation of the Code of Judicial Conduct and La.Const. Art. 25C. In that regard, in such a case, this Office would recommend to the Judiciary Commission that the Supreme Court remove from office such a dual office holding justice of the peace.
Therefore, I write to you because it appears that Attorney General Opinion #96-90 is at odds with the opinions of the Supreme Court Committee on Judicial Ethics and the *Page 2 
position of this Office. It further appears that if a justice of the peace were to rely upon Attorney General Opinion # 96-90, and simultaneously serve as a deputy sheriff, he or she may be placed at risk before the Judiciary Commission and the Supreme Court.
I would be happy to discuss this matter with you in further detail. Please feel free to contact me at your convenience. Thank you.
 Sincerely,
 Steven Scheckman
 SS/ebs Attachments *Page 1 
 OPINION NO. 95 November 19, 1991
Dear
You have requested an ethics advisory opinion on whether a Justice of the Peace, who, by agreement of local law enforcement agencies does not handle criminal matters, can maintain employment as an intake warrant officer for the District Attorney's Office.
The Committee on Judicial Ethics believes that it is not ethically permissible for a Justice of the Peace to relinquish the responsibilities of the office as determined by R.S. 13: 2586 (C) which include criminal jurisdiction as committing magistrates and authority to set bail. Further, it is the opinion of the Committee that it is ethically impermissible for you to serve as a justice of the peace and the District Attorney's Office intake warrant officer as such dual service raises the appearance of impropriety and of a lack of impartiality.
 Sincerely,
 Hugh M. Collins, Ph.D. Secretary and Member Supreme Court Committee on Judicial Ethics
 HMC:mlm 1007r cc:
 Chairman and Members, Supreme Court Committee on Judicial Ethics Associate Justices, Supreme Court of Louisiana *Page 1 
 OPINION NO. 120 August 10, 1994.
Dear Justice of the Peace
The Supreme Court Committee on Judicial Ethics has carefully considered your request for an advisory ethics opinion on whether it is ethically permissible for a justice of the peace to also be employed as a clerical employee in the district attorney's office. The Committee has unanimously concluded that it is ethically impermissible for a justice of the peace to be employed in the district attorney's office.
If I can be of any further assistance, please do not hesitate to call on me.
 Sincerely,
 Hugh M. Collins, Ph.D.
 Secretary and Member Supreme Court Committee on Judicial Ethics
 1287E/5 HMC:gp
 cc: Chair and Members, Supreme Court Committee on Judicial Ethics Associate Justices, Supreme Court of Louisiana
[1] LSA-Const. Art. 5 § 25(C) (1974) states:
(C) Powers. On recommendations of the judiciary commission, the supreme court may censure, suspend with or without salary, remove from office, or retire involuntarily a judge for willful misconduct relating to his official duty, willful and persistent failure to perform his duty, persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute, conduct while in office which would constitute a felony, or conviction of a felony. On recommendation of the judiciary commission, the supreme court may disqualify a judge from exercising any judicial function, without loss of salary, during pendency of proceedings in the supreme court may retire involuntarily a judge for disability that seriously interferes with the performance of his duties and that is or is likely to become permanent. The supreme court shall make rules implementing this Section and providing for confidentiality and privilege of commission proceedings.
[2] Canons 1, 2(A), and 5(C)(1) of the Code of Judicial Conduct provide:
CANON 1 Judge Shall Uphold the Integrity and Independence of the Judiciary
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and shall personally observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code are to be construed and applied to further that objective. As a necessary corollary, the judge must be protected in the exercise of judicial independence.
CANON 2 A Judge Shall Avoid Impropriety and the Appearance of Impropriety in All Activities
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
As used in this Code, "impartiality" or "impartial" denotes absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintaining an open mind in considering issues that may come before the judge.
CANON 5 Extra-Judicial Activities A Judge Shall Regulate Extra-Judicial Activities to Minimize the Risk of Conflict With Judicial Duties
C. Financial Activities.
(1) A judge shall refrain from financial and business dealings that tend to reflect adversely on the judge's impartiality, interfere with the proper performance of judicial duties, exploit the judge's position, or involve the judge in frequent transactions with lawyers or persons likely to come before the court on which he or she serves.